**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                   No. 01-CR-00313-JAP
                                                       No. 17-CV-00466-JAP-GBW

JEFFREY LYNN DIXON,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    The Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, considers Defendant Jeffrey Lynn Dixon's Motion To Set Aside Sentence Pursuant to 28 U.S.C. § 2255, filed on April 18, 2017. [CR Doc. 131; CV Doc. 1] Defendant contends that the enhancement of his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), is unconstitutional in light of the United States Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). Because Defendant's § 2255 motion is a "second or successive" motion filed without the requisite authorization of the United States Court of Appeals for the Tenth Circuit, it will be dismissed without prejudice for lack of jurisdiction, a certificate of appealability will be denied, and final judgment will be entered.

**I.    BACKGROUND**

    On March 13, 2001, Defendant was charged by Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [CR Doc. 12] Defendant pled

guilty to the Indictment and in July 2002, the Court entered a sealed judgment on the conviction. [CR Docs. 65-67]   Defendant did not appeal his conviction or sentence.

On June 2, 2005, Defendant filed DEFENDANT"S §2255 MOTION TO SET ASIDE SENTENCE WITH LEGAL AUTHORITIES in light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).   [CR Doc. 68]   This Court dismissed Defendant's § 2255 motion with prejudice because "Defendant's sentencing claim under . . . *Booker* is barred as untimely."   [CR Docs. 70, 71]   Defendant did not appeal from the dismissal of his § 2255 motion.

On April 18, 2017, Defendant filed the present § 2255 motion, which seeks sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). Specifically, Defendant contends that the enhancement of his sentence under the "residual clause" definition of a "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional in light of the United States Supreme Court's recent decisions in *Johnson* and *Welch*.   Defendant asks the Court to "set aside his sentence, re-sentence him without the ACCA enhancement, and impose *nunc pro tunc* a sentence of no more than 151 months, or less . . . ."   [CR Doc. 131 at 16]

This is Defendant's second § 2255 motion [1] and "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until the [United States Court of Appeals for the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* § 2255(h) (requiring a second or successive § 2255 motion to be certified by the appropriate court of appeals).   Defendant has

---

[1] *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (holding that the dismissal of a "habeas petition as time-barred [is] a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements") (per curiam).

neither sought nor received permission from the United States Court of Appeals for the Tenth Circuit to file the present "second or successive" § 2255 motion and, therefore, this Court lacks jurisdiction.

A district court may, in its discretion, transfer a "second or successive" § 2255 motion to the United States Court of Appeals for the Tenth Circuit "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252; *see* 28 U.S.C. § 1631.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*In re Cline*, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization." *Id.* at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). This is because "there is no reason to raise false hopes and waste judicial resources by transferring a case that is clearly doomed, for example because the statute of limitations had already run when the case was initially filed." *Philips*, 173 F.3d at 610.

The Court declines to transfer this case to the United States Court of Appeals for the Tenth Circuit because Defendant's *Johnson* claim is barred by the one-year limitation period in 28 U.S.C. § 2255(f)(3). Section 2255(f)(3) requires that a § 2255 motion based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" be filed within one-year from "the date on which the right asserted was initially recognized by the Supreme Court." § 2255(f)(3). The *Johnson* opinion was issued on June 26, 2015, and the

3

limitation period expired one year later, on June 26, 2016. *See Johnson*, 135 S. Ct. 2551. Defendant's § 2255 motion was not filed, however, until April 18, 2017—approximately ten months after the expiration of the one-year deadline. Therefore, Defendant's § 2255 motion is time-barred.

Defendant contends that his § 2255 motion is timely because it was filed within one-year of the issuance of the *Welch* decision, which made the right recognized in *Johnson* retroactively applicable on collateral review. [CR Doc. 131 at 15-16] This contention is foreclosed by *Dodd v. United States*, 545 U.S. 353 (2005), in which the United States Supreme Court addressed "whether the date from which the limitation period begins to run under [§ 2255(f)(3)] is the date on which this Court 'initially recognized' the right asserted in an applicant's § 2255 motion, or whether, instead, it is the date on which the right is 'made retroactive[e].'" *Id.* at 354. The Supreme Court held that the text of § 2255(f)(3) "settles this dispute" because "[i]t unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id.* at 357. The Supreme Court recognized "the potential for harsh results in some cases," especially for "applicants filing second or successive § 2255 motions," because "an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which the [United States Supreme] Court announces a new rule of constitutional law and makes it retroactive within one year." *Id.* at 359-60. Nonetheless, the Supreme Court held that "[i]t is for Congress . . . to amend the statute if it believes that the interplay of [§ 2255(h) and § 2255(f)(3)] unduly restricts the federal prisoners' ability to file second or successive motions." *Id.* In light of *Dodd*, the Court concludes that Defendant's

4

§ 2255 motion was time-barred at the time of filing.

Rule 11 of the Rules Governing Section 2255 Proceedings For the United States District Courts states "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  To be entitled to a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Reasonable jurists could not debate this Court's conclusion that it lacks jurisdiction over Defendant's unauthorized second or successive § 2255 motion, which was time-barred by the one-year limitation period in § 2255(f)(3).  Therefore, a certificate of appealability will be denied.

IT IS ORDERED that Defendant's § 2255 motion [CR Doc. 131; CV Doc. 1] is DISMISSED without prejudice for lack of jurisdiction; a certificate of appealability is DENIED; and final judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE